# IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED

v.

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B. BIOSCIENCES CORPORATION; JOHN DEERE LANDSCAPING, INC., SUCCESSOR TO LESCO, INC.; MONSANTO COMPANY; NUFARM AMERICAS, INC.; REGAL CHEMICAL CO.; SCOTTS-SIERRA CROP PROTECTION CO.; AND SYNGENTA CROP PROTECTION, INC.

PETITION OF: DOW AGROSCIENCES, LLC, BAYER CROPSCIENCE, LP, BAYER CORPORATION, AND BAYER CROPSCIENCE HOLDING, INC.

: No. 359 WAL 2018

: Petition for Allowance of Appeal from the Order of the Superior Court


RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED

v.

: No. 360 WAL 2018

: Petition for Allowance of Appeal from the Order of the Superior Court

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B. BIOSCIENCES CORPORATION; JOHN DEERE LANDSCAPING, INC., SUCCESSOR TO LESCO, INC.; MONSANTO COMPANY; NUFARM AMERICAS, INC.; REGAL CHEMICAL CO.; SCOTTS-SIERRA CROP PROTECTION CO.; AND SYNGENTA CROP PROTECTION, INC.

PETITION OF: JOHN DEERE LANDSCAPING, INC.

RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED

v.

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B.

No. 361 WAL 2018

Petition for Allowance of Appeal from the Order of the Superior Court

BIOSCIENCES CORPORATION; JOHN               :
DEERE LANDSCAPING, INC.,                    :
SUCCESSOR TO LESCO, INC.;                   :
MONSANTO COMPANY; NUFARM                    :
AMERICAS, INC.; REGAL CHEMICAL              :
CO.; SCOTTS-SIERRA CROP                     :
PROTECTION CO.; AND SYNGENTA                :
CROP PROTECTION, INC.                       :
                                            :
                                            :
PETITION OF: SYNGENTA CROP                  :
PROTECTION, INC.                            :

RICHARD THOMAS WALSH,                       :    No. 362 WAL 2018
EXECUTOR OF THE ESTATE OF                   :
THOMAS J. WALSH, DECEASED                   :
                                            :
                                            :    Petition for Allowance of Appeal from
                                            :    the Order of the Superior Court
             v.                             :
                                            :
                                            :
BASF CORPORATION; BAYER                     :
CORPORATION D/B/A BAYER                     :
CROPSCIENCE, L.P., AND BAYER                :
CROPSCIENCE HOLDING, INC.,                  :
AND/OR BAYER CROPSCIENCE, L.P.              :
AND BAYER CROPSCIENCE HOLDING,              :
INC., IN THEIR OWN RIGHT; BIOSAFE           :
SYSTEMS, L.L.C.; CHEMTURA                   :
CORPORATION; CLEARY CHEMICAL                :
CORP.; DOW AGROSCIENCES, L.L.C.;            :
E.H. GRIFFITH, INC.; E.I. DU PONT DE        :
NEMOURS AND CO., INC.; G.B.                 :
BIOSCIENCES CORPORATION; JOHN               :
DEERE LANDSCAPING, INC.,                    :
SUCCESSOR TO LESCO, INC.;                   :
MONSANTO COMPANY; NUFARM                    :
AMERICAS, INC.; REGAL CHEMICAL              :
CO.; SCOTTS-SIERRA CROP                     :
PROTECTION CO.; AND SYNGENTA                :
CROP PROTECTION, INC.                       :
                                            :
                                            :
PETITION OF: MONSANTO COMPANY               :

RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED

v.

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B. BIOSCIENCES CORPORATION; JOHN DEERE LANDSCAPING, INC., SUCCESSOR TO LESCO, INC.; MONSANTO COMPANY; NUFARM AMERICAS, INC.; REGAL CHEMICAL CO.; SCOTTS-SIERRA CROP PROTECTION CO.; AND SYNGENTA CROP PROTECTION, INC.

PETITION OF: BASF CORPORATION

:  No. 363 WAL 2018
:
:
:
:  Petition for Allowance of Appeal from
:  the Order of the Superior Court
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

**ORDER**

**PER CURIAM**

AND NOW, this 5th day of March, 2019, the Petitions for Allowance of Appeal are GRANTED. The Application to File Brief as Amici Curiae in Support of Petitioners, submitted by the Product Liability Advisory Council, Inc., Croplife America, and

Pennsylvania Chamber of Business & Industry, is also granted. The issues, as stated by petitioners, are:

(1)    Did the Superior Court majority commit reversible error in concluding that, when evaluating scientific evidence under the *Frye* standard, trial courts are not permitted to act as "gatekeepers" to ensure the relevance and reliability of scientific studies offered by experts to support their opinions by scrutinizing whether those studies actually support their opinions?

(2)    Did the Superior Court majority commit reversible error in concluding that trial courts may not review experts' opinions extrapolating from a broad class of products and injuries to a specific product and injury, thereby eliminating plaintiff's burden to show product-specific causation of plaintiff's specific injury?

(3)    Did the Superior Court majority commit reversible error in concluding that the trial court erred without explaining how it abused its discretion because of manifest unreasonableness, partiality, prejudice, bias, ill-will or such lack of support from the evidence or the record so as to be clearly erroneous?